IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD RAY WHITE, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19cv474-MHT |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.   INTRODUCTION**

On July 1, 2019, Donald Ray White, a federal inmate at the Maxwell Federal Prison Camp in Montgomery, Alabama, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] Doc. # 1. In his petition, White challenges the constitutionality of his 2010 conviction and sentence entered by the United States District Court for the Northern District of Alabama for the offense of unlawful transport of weapons by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). White claims that the trial court lacked authority over his case because, he says, Article III provides the court with no authority to try his case. Doc. # 1 at 2–3. He further argues that the indictment in his case is void because it was "presented to a grand jury without a formal complaint having been presented" by the prosecution. *Id.* at 3. Finally, White argues that "the prosecution failed to allege (or prove) any evidence of 'injury in fact' to the United States by way of federally prohibited

---

[1] Although White's petition was date-stamped as received by this court on July 3, 2019, under the "prison mailbox rule" the petition is deemed to be filed on the date White delivered it to prison authorities for mailing, presumptively July 1, 2019, the day White represents that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

conduct(s)." *Id.* at 4. Thus, he asserts that the judgment under which he is incarcerated "is, in fact and law, VOID." *Id.* at 3.

Because White's § 2241 habeas petition attacks his conviction and sentence, this court entered an order in compliance with *Castro v. United States*, 540 U.S. 375 (2003), notifying White of its intention to recharacterize his petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. # No. 2 at 2–3. The court advised White that because he is challenging his conviction and sentence, the construed § 2255 motion should be transferred to the United States District Court for the Northern District of Alabama, the court of conviction. *Id.* at 3. In further compliance with *Castro*, this court cautioned White that its recharacterization of his petition as a § 2255 motion would render the § 2255 motion and any subsequent § 2255 motion susceptible to the procedural limitations imposed on § 2255 motions, specifically the one-year limitation period and the successive-motion bar. *Id.* The court then directed White to inform the court of his wishes to do one of the following: (1) proceed under 28 U.S.C. § 2255 only on the claims in the construed § 2255 motion; or (2) amend the construed § 2255 motion to assert any additional claims he wished to assert under § 2255 in challenging his conviction and sentence; or (3) withdraw the construed § 2255 motion and dismiss this action. *Id.* The court cautioned White that if he failed to file a response in compliance with its order, the cause would proceed as an action under 28 U.S.C. § 2255 as to only those claims presented in the construed § 2255 motion. *Id.* at 3–4.

White failed to file a response that complied with this court's orders. Instead he filed objections insisting that his petition should be treated as one seeking habeas relief under

28 U.S.C. § 2241. *See* Doc. # 6. Because White did not file a response that complied with this court's orders, this cause is proceeding as an action under § 2255 as to only those claims presented in the construed § 2255 motion. And as further discussed below, the undersigned concludes that this action should be transferred to the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although brought as a petition under 28 U.S.C. § 2241, this court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is a matter for habeas corpus). For purposes of venue, petitions properly brought under § 2241 must be filed in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

White's self-described § 2241 petition challenges the legality of his conviction and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). White does not show that § 2255 would be an inadequate vehicle to present his claims. Indeed he cannot, because his claims challenging the validity of his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses.

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner

4

with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Here, regardless of the label White places on his pleadings, his petition challenging his conviction and sentence must be considered as a motion under § 2255, rather than § 2241. Section 2255 remains White's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered in the Northern District of Alabama, jurisdiction to consider the § 2255 motion lies only in the Northern District of Alabama as the district of conviction. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because White is proceeding *pro se*, this court finds that it is in the interest of justice that this action be transferred to the United States District Court for the Northern District of Alabama.

### III.   CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 19, 2019. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the

Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 5th day of August, 2019.

    /s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE